*Counsel of Record on Next Page*

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHARLENE A. BRITTON, individually, and on behalf of all others similarly situated, | **Case No. 3:10-cv-04450-TEH** |
| | **CLASS ACTION** |
| Plaintiff, | **JOINT STIPULATION AND [~~PROPOSED~~] ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | |
| JOHNSON & JOHNSON, McNEIL-PPC, INC., and JOHNSON & JOHNSON CONSUMER PRODUCTS, INC., | |
| Defendants. | |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. #230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
scole@scalaw.com
mbainer@scalaw.com
hsalassi@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

Richard B. Goetz, Esq. (S.B. #115666)
Carlos M. Lazatin, Esq. (S.B. #229650)
Timothy P. Caballero, Esq. (S.B. #254599)
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407
rgoetz@omm.com
clazatin@omm.com
tcaballero@omm.com


Travis J. Tu, Esq.
Ryan Sirianni, Esq.
**PATTERSON, BELKNAP, WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2765
Telephone: (212) 336-2561
Facsimile: (212)336-7966
tjtu@pbwt.com
rsirianni@pbwt.com

Attorneys for Defendants
JOHNSON & JOHNSON, McNEIL-PPC,
INC., and JOHNSON & JOHNSON
CONSUMER PRODUCTS, INC.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Joint Stipulation and [Proposed] Order Granting Leave to File First Amended Complaint

1        Representative Plaintiff Charlene Britton ("Plaintiff") and defendants Johnson &

2   Johnson, McNeil-PPC, Inc., and Johnson & Johnson Consumer Products, Inc. (collectively,

3   "Defendants"), by and through their respective counsel of record named herein, hereby stipulate

4   as follows:

5

6        **WHEREAS** on October 1, 2010, Plaintiff filed a class action complaint on behalf of

7   herself and all others similarly situated who had purchased Johnson & Johnson's Listerine Total

8   Care Anticavity Mouthwash;

9        **WHEREAS** Plaintiff wishes to file a First Amended Complaint which would add

10  putative class members Itak Moradi and Kathy Pahigian into the case as additional class

11  representatives;

12       **WHEREAS** defendant Johnson & Johnson Consumer Products, Inc., has changed its

13  name to Johnson & Johnson Consumer Companies, Inc., and Plaintiff seeks to amend her

14  complaint to reflect the same;

15       **WHEREAS** Defendants have agreed that Plaintiff may file the First Amended Complaint

16  in the form of Exhibit "A" attached hereto; and,

17       **WHEREAS** the parties have attached a "redline" comparison of the operative Complaint

18  and the First Amended Complaint as Exhibit "B;"

19

20       **THEREFORE,** the parties, through their undersigned respective counsel, stipulate and

21  request that the Court hereby enter an Order granting Plaintiff leave to file the First Amended

22  Complaint in the form attached hereto as Exhibit "A."

23

24  **IT IS SO STIPULATED.**

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Dated: December 20, 2010          **SCOTT COLE & ASSOCIATES, APC**

2

3

4                                    By: _____/s/_____
                                         Molly A. DeSario, Esq.
5                                        Attorneys for the Representative Plaintiffs
                                         and the Plaintiff Classes
6

7  Dated: December 20, 2010          **O'MELVENY & MEYERS LLP**

8

9

10                                   By: _____/s/_____
                                         Richard B. Goetz, Esq.
11                                       Carlos M. Lazatin, Esq.
                                         Timothy P. Caballero, Esq.
12                                       Attorneys for Defendants
                                         JOHNSON & JOHNSON, McNEIL-PPC, INC.,
13                                       and JOHNSON & JOHNSON CONSUMER
                                         PRODUCTS, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-4-
Joint Stipulation and [Proposed] Order Granting Leave to File First Amended Complaint

1                                       **[~~PROPOSED~~] ORDER**

2          Good cause appearing, Plaintiff is hereby granted leave to file the First Amended

3  Complaint in the form of Exhibit "A" attached hereto.

4

5  **IT IS SO ORDERED.**

6

7  Dated: December <u>21</u> , 2010

8                  The Honorable _____

9  

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DECLARATION OF E-FILED SIGNATURE**

2

I, Molly A. DeSario, Esq., am the ECF User whose ID and Password are being used to file

3

this Joint Stipulation and Proposed Order Granting Leave to File First Amended Complaint. In

4

compliance with General Order 45, X.B., I hereby declare that Carlos M. Lazatin, Esq. has read and

5

approved this Joint Stipulation and Proposed Order Granting Leave to File First Amended

6

Complaint and consents to its filing in this action.

7

8

Dated: December 20, 2010                    **SCOTT COLE & ASSOCIATES, APC**

9

10

                                    By:    _____/s/_____

11

                                           Molly A. DeSario, Esq.
                                           Attorneys for the Representative Plaintiffs

12

                                           And the Plaintiff Classes

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# EXHIBIT A

Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. # 230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
email:  scole@scalaw.com
email:  mbainer@scalaw.com
email:  hsalassi@scalaw.com
Web:    www.scalaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Classes

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLENE A. BRITTON, ITAK MORADI, KATHY PAHIGIAN, individually, and on behalf of all others similarly situated, | Case No. 3:10-cv-04450-TEH |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| JOHNSON & JOHNSON, McNEIL-PPC, INC., and JOHNSON & JOHNSON CONSUMER COMPANIES, INC., | **[Jury Trial Demanded]** |
| Defendants. | |

Representative Plaintiffs allege as follows:

## PRELIMINARY STATEMENT

1.     This is a class action, brought under Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, seeking damages, restitution, interest thereon, injunctive and other equitable relief and reasonable attorneys' fees and costs on behalf of Representative Plaintiffs and all other persons (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or either of the Classes defined herein) who have purchased Listerine Total Care Anticavity Mouthwash (hereinafter referred to as "Listerine Total Care" or "mouthwash") from Defendants

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Johnson & Johnson, McNEIL-PPC, Inc., and/or Johnson & Johnson Consumer Companies, Inc. (hereinafter collectively referred to as "Defendants"), either directly therefrom or indirectly from a distributor or retailer thereof within the United States at any time during the applicable limitations period. The Representative Plaintiffs, on behalf of themselves and all Class Members, also seek injunctive relief and restitution of all benefits Defendants have enjoyed from their unlawful and/or deceptive business practices, as detailed herein.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction) and/or 28 U.S.C. §1331 (controversy arising under United States law). Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

3.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events that give rise to Plaintiffs' claims took place within the Northern District of California and because Defendants market, distribute, and sell their products within this District.

## PLAINTIFFS

4.      Charlene Britton, Itak Moradi, and Kathy Pahigian, the named/representative Plaintiffs identified herein, were and are natural persons and, during the relevant time period, purchased and used (or attempted to use) Johnson & Johnson Listerine Total Care Anticavity Mouthwash, yet did not receive the full value of the product, as promised by Defendants.

5.      As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff Classes" refers to the named plaintiffs herein as well as each and every person eligible for membership in one or more of the classes of persons, as further described and defined herein.

6.      At all times herein relevant, Representative Plaintiffs were and are persons within each of the classes of persons further described and defined herein.

7.      Representative Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, on behalf

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

**DEFENDANTS**

8.     At all times herein relevant, Defendant Johnson & Johnson was a corporation, duly licensed in New Jersey and doing business in this Judicial District as well as throughout the United States. Johnson & Johnson maintains its principal place of business in New Brunswick, New Jersey.

9.     Defendant McNeil-PPC, Inc. is a pharmaceutical company belonging to Defendant Johnson & Johnson. At all times herein relevant, Defendant McNeil-PPC, Inc. was a corporation, duly licensed in New Jersey and doing business in this Judicial District as well as throughout the United States. Defendant McNeil-PPC, Inc. maintains its principal place of business in Fort Washington, Pennsylvania.

10.     Defendant Johnson & Johnson Consumer Companies, Inc. is a division of McNeil-PPC, Inc. At all times herein relevant, Defendant Johnson & Johnson Consumer Companies, Inc. was a corporation, duly licensed in New Jersey and doing business in this Judicial District as well as throughout the United States. Defendant Johnson & Johnson Consumer Companies, Inc. maintains its principal place of business in Fort Washington, Pennsylvania.

11.     Representative Plaintiffs are informed and believe and, on that basis, allege that, at all relevant times herein-mentioned, each of the Defendants either identified herein and/or who may be identified in subsequent versions of this Complaint was the agent and/or employee of each of the remaining Defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

**CLASS ACTION ALLEGATIONS**

12.     Representative Plaintiffs bring this action on behalf of themselves and as a class action on behalf of the following Plaintiff Classes:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

California Class:
"All persons who purchased, within the State of California, Listerine Total Care Anticavity Mouthwash."

National Class:
"All persons who purchased, within the United States, Listerine Total Care Anticavity Mouthwash."

13.    Defendants and their officers and directors are excluded from both of the Plaintiff Classes.

14.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23(b)(2) and/or (b)(3) because there is a well-defined community of interest in the litigation and membership in the proposed Classes is easily ascertainable:

a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members is in the thousands, if not millions, of individuals. Membership in the Classes will be determined by analysis of point of sale, electronic-mail and/or other transactional information, among other records maintained by Defendants.

b.    Commonality: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

1)    Whether Defendants knew or should have known of the ineffectiveness of the active ingredient contained in Listerine Total Care;

2)    Whether Defendants had a duty to disclose to consumers the true effectiveness of the product;

3)    Whether Defendants' advertising of Listerine Total Care was false, deceptive, and/or misleading;

4)    Whether Defendants violated California Business and Professions Code §17500, *et seq.* by engaging in misleading or deceptive advertising;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

5)      Whether Defendants violated California Civil Code §1750, *et seq.* by engaging in unfair or deceptive trade practices;

6)      Whether Defendants breached express warranties and/or implied warranties of merchantability and/or fitness regarding Listerine Total Care's functionality and effectiveness;

7)      Whether Defendants violated California Civil Code §1790, *et seq.* by breaching express and implied warranties;

8)      Whether Defendants intentionally or negligently misrepresented Listerine Total Care's functionality and effectiveness;

9)      Whether Defendants' engagement in false representations regarding Listerine Total Care's functionality and effectiveness constituted a fraud on consumers; and

10)     Whether Defendants violated California Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices.

c.     <u>Typicality</u>: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. Representative Plaintiffs and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.     <u>Adequacy of Representation</u>: The Representative Plaintiffs in this class action are adequate representatives of each of the Plaintiff Classes in that the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members, are committed to vigorous prosecution of this case and have retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Classes in their entirety. The Representative Plaintiffs anticipate no management difficulties in this litigation.

e.     <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

f.      Rule 23(b)(2): In addition, Defendants have acted and/or refused to act on grounds that apply generally to the Plaintiff Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

g.      Rule 23(b)(3): Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior, in ways including, but not limited to, paragraph (e) herein, to other available methods for fairly and efficiently adjudicating the controversy.

## COMMON FACTUAL ALLEGATIONS

15.     For more than 120 years, the Johnson & Johnson brand-name has been associated with the innovation, development and marketing of home healthcare products.

16.     As part of its "Oral Health Care" line, Defendants produce, manufacture, and distribute Listerine Total Care in a variety of flavors and market the product to consumers nationwide. As such, Listerine Total Care has been purchased by thousands, if not millions, of consumers, both in California and nationwide, all of whom are putative Class Members.

17.     Listerine Total Care is a home healthcare product designed and marketed for consumer use as total oral healthcare.

18.     Indeed, Listerine's website (www.listerine.com) boasts that Listerine Total Care is the "most complete mouthwash" as compared to other over-the-counter mouthwashes.

19.     Its multi-purpose functions are advertised as including, but are not necessarily limited to, "help[ing] [to] prevent cavities, restor[ing] enamel, strengthen[ing] teeth, kill[ing] bad breath germs, freshen[ing] breath," and "fight[ing] unsightly plaque above the gum line."

20.     The sole active ingredient in Listerine Total Care is sodium fluoride.

21.     The product packaging includes statements that Listerine Total Care will: "help[] prevent cavities, restore[] enamel, strengthen[] teeth, kill[] bad breath germs, freshen[] breath" and "fight[] unsightly plaque above the gum line."

22.     Listerine Total Care does not effectively fight plaque above the gum line.

23.     Defendants placed Listerine Total Care into the stream of commerce and marketed it as a drug. By doing so, Defendants necessarily represented to consumers that the product had the approval of the Food and Drug Administration ("FDA"). In fact, Listerine Total Care does not have FDA approval for all of the purposes for which it is marketed.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

24. Despite their knowledge of the ingredient composition of the mouthwash, which rendered it ineffective for the purposes conveyed to consumers, Defendants engaged in a long-standing, nationwide marketing campaign promoting this product as "total" oral healthcare. Defendants' campaign included, but was not limited to, the following acts:

a. On or before May 7, 2009, Defendants released a commercial which advertised that Listerine Total Care provided "Six keys signs of a healthy mouth: tartar free teeth, no plaque build-up, healthy gums, no tooth decay, naturally white teeth, and fresh breath." Defendants' commercials were disseminated nationwide, including, but not necessarily limited to, on the internet.

b. In approximately October 2009, Defendants launched a micro website for Listerine Total Care, advertising the following benefits: "Remove more plaque and then strengthen teeth for a cleaner, healthier mouth." The microsite also touted that the product "finishes the job by fighting cavities and killing bad breath and germs."

c. In approximately October 2009, Defendants launched a Facebook page for Listerine Total Care, advertising the following benefits: "Whiter Teeth, Healthy Gums, Breath Protection, Kills Bacteria, Strengthens Teeth, Reduces Plaque."

d. Defendants also advertise the following benefits for Listerine Total Care on their general website for Listerine products: "Helps Prevent Cavities, Restores Minerals to Enamel, Strengthens Teeth, Kills Bad Breath Germs, Freshens Breath, Fights Unsightly Plaque Above the Gum Line."

25. In approximately June 2010, Representative Plaintiff Charlene Britton purchased Listerine Total Care, after viewing and relying on the product's representations, on its packaging, that it would, *inter alia*, whiten teeth, prevent cavities, restore enamel, strengthen teeth, kill bad breath germs, freshen breath, and fight unsightly plaque above the gum line. If Representative Plaintiff Britton had known of the product's ineffectiveness, she would not have purchased the product or would not have purchased it at the same price.

26. Plaintiff Itak Moradi purchased Listerine Total Care during the relevant time period after viewing and relying on the product's representations, on its packaging, that it would, *inter alia*, whiten teeth, prevent cavities, restore enamel, strengthen teeth, kill bad breath germs, freshen breath, and fight unsightly plaque above the gum line. If Representative Plaintiff Moradi had known of the product's ineffectiveness, she would not have purchased the product or would not have purchased it at the same price.

27.     Plaintiff Kathy Pahigian purchased Listerine Total Care during the relevant time period after viewing and relying on the product's representations, on its packaging, that it would, *inter alia*, whiten teeth, prevent cavities, restore enamel, strengthen teeth, kill bad breath germs, freshen breath, and fight unsightly plaque above the gum line. If Representative Plaintiff Pahigian had known of the product's ineffectiveness, she would not have purchased the product or would not have purchased it at the same price.

28.     Despite their legal obligations to do so, Defendants have taken no apparent steps to inform either potential consumers or previous purchasers of the false promises detailed in this Complaint.

29.     This action is brought to redress and end this pattern of unlawful conduct. Indeed, without an award of damages and injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

30.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members were misled into purchasing Listerine Total Care, unjustly enriching Defendants at the expense of these consumers. Defendants, at all times, knew that Representative Plaintiffs and the Class Members would rely upon the misrepresentations and/or omissions of Defendants. Defendants' concealment, misbranding and non-disclosure were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers. Representative Plaintiffs' and Class Members' reliance, and resultant substantial monetary loss, were reasonably foreseeable by Defendants.

## FIRST CAUSE OF ACTION
### Fraud
### (*for the California and Nationwide Classes*)

31.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32.     The conduct of Defendants constitutes a fraud against Representative Plaintiffs and members of each of the Classes. Defendants, directly and/or through their agents and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

employees, made false representations to Representative Plaintiffs and members of each of the Classes that were likely to deceive Representative Plaintiffs and members of each of the Classes. Representative Plaintiffs and members of each of the Classes were misled by these false representations into purchasing Listerine Total Care from Defendants.

33.   Defendants' false representations include, but are not limited to, the statements that Listerine Total Care is "total care," and "fights unsightly plaque above the gum line," as alleged herein.

34.   Defendants placed Listerine Total Care into the stream of commerce and marketed it as a drug. By doing so, Defendants necessarily represented to consumers that the product had the approval of the FDA. In fact, Listerine Total Care does not have FDA approval for all of the purposes for which it is marketed.

35.   Defendants knew, or reasonably should have known, of the false representations alleged herein based on the ingredient composition of the mouthwash and intentionally concealed information from Plaintiffs and members of each of the Classes.

36.   The sole active ingredient of the mouthwash is listed as "sodium fluoride 0.0221%" - an ingredient which has not been shown to fight or prevent plaque.

37.   Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendants' misrepresentations when purchasing the mouthwash, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the mouthwash and/or would not have purchased it at the price at which it was offered.

38.   Specifically, Representative Plaintiffs and members of each of the Classes viewed Defendants' product packaging, product commercials, and product specifications and, in reliance on those representations, purchased the mouthwash for total oral care.

39.   As a direct and proximate result of Defendants' wrongful conduct, Representative Plaintiffs and members of each of the Classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendants for a product which does not deliver the purported total oral care.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

40.     Moreover, in that, at all times herein mentioned, Defendants intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiffs and members of each of the Classes, and because Defendants were guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and members of each of the Classes are entitled to an award of exemplary or punitive damages against Defendants in an amount adequate to deter such conduct in the future.

## SECOND CAUSE OF ACTION
### Intentional Misrepresentation
#### *(for the California and Nationwide Classes)*

41.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

42.     At all times relevant herein, Defendants were engaged in the business of designing, manufacturing, marketing, distributing and/or selling, among other products, home healthcare products, as alleged herein.

43.     Defendants willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the mouthwash, in ways including, but not limited to, the statements that the mouthwash would provide "total [oral] care," and "fight[] unsightly plaque above the gum line," as alleged herein.

44.     Defendants placed Listerine Total Care into the stream of commerce and marketed it as a drug. By doing so, Defendants necessarily represented to consumers that the product had the approval of the FDA. In fact, Listerine Total Care does not have FDA approval for all of the purposes for which it is marketed.

45.     Defendants knew that the misrepresentations alleged herein were false at the time they made them and/or acted recklessly in making such misrepresentations, based on Defendants' knowledge of the sole active ingredient intended to provide such benefits to consumers.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

46.     Defendants' misrepresentations were the type of misrepresentations that are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions). The misrepresentations were material in that Representative Plaintiffs and members of each of the Classes purchased Listerine Total Care as a home healthcare product capable of providing total oral healthcare benefits.

47.     Representative Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendants' misrepresentations when purchasing the mouthwash, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the mouthwash and/or would not have purchased it at the price at which it was offered. Representative Plaintiffs' and each Class member's reliance was a substantial factor in making the purchase which led to the resulting injury, as alleged herein.

48.     Specifically, Representative Plaintiffs and members of each of the Classes viewed Defendants' product packaging, product commercials, and product specifications, and, in reliance on those representations, purchased Listerine Total Care for its purported total oral health benefits.

49.     Defendants intended that Representative Plaintiffs and members of each of the Classes rely on the misrepresentations alleged herein and purchase the mouthwash for the uses advertised, including total oral healthcare.

50.     As a direct and proximate result of Defendants' intentional misrepresentation, Representative Plaintiffs and members of each of the Classes were injured in ways including, but not limited to, the purchase of a product which does not deliver the total oral care it purports to deliver. Damages resulting from such injury may, but do not necessarily include nor are limited to, monetary damages in the amount of the difference in value between a mouthwash capable of providing total oral healthcare benefits and the value paid to Defendants for a product which Defendants represented would provide benefits it is incapable of providing.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

51.     Moreover, in that, at all times herein mentioned, Defendants intended to cause, or acted with reckless disregard of the probability of causing, damage to Representative Plaintiffs and members of each of the Classes, and because Defendants were guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and members of each of the Classes are entitled to an award of exemplary or punitive damages against Defendants in an amount adequate to deter such conduct in the future. Specifically, despite knowledge that the mouthwash product could not provide total oral healthcare and was not approved as an effective means of fighting plaque, Defendants have refused, and continue to refuse, any response or remedy.

### THIRD CAUSE OF ACTION
**Negligent Misrepresentation**
***(for the California and Nationwide Classes)***

52.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

53.     Defendants owed a duty to Representative Plaintiffs and members of each of the Classes to exercise reasonable care in making representations about Listerine Total Care, which they offered for sale thereto.

54.     Defendants should have known of the ingredient composition of this product, as detailed in this Complaint and, thus, should have known that their representations, as also detailed, at least in part, in this Complaint, were false. In addition, given Defendants' knowledge of the sole active ingredient of Listerine Total Care, Defendants had no reasonable grounds to believe their representations as to the effectiveness of the product were true.

55.     Defendants' representations were negligently and recklessly made to potential consumers and the general public (including Representative Plaintiffs and members of each of the Classes) through Defendants' statement that the mouthwash provided "total care," and was effective in "fight[ing] unsightly plaque above the gum line."

///

56.     Defendants placed Listerine Total Care into the stream of commerce and marketed it as a drug. By doing so, Defendants necessarily represented to consumers that the product had the approval of the FDA. In fact, Listerine Total Care does not have FDA approval for all of the purposes for which it is marketed.

57.     Representative Plaintiffs and members of each of the Classes viewed and reasonably and justifiably relied on Defendants' misrepresentations when purchasing the mouthwash, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the mouthwash and/or would not have purchased it at the price at which it was offered.

58.     As a direct and proximate result of these misrepresentations, Representative Plaintiffs and members of each of the Classes have been damaged in an amount to be proven at trial. The damages suffered by Representative Plaintiffs and members of each of the Classes include, but are not limited to, the monies paid to Defendants for a product which does not deliver the purported total oral care.

## FOURTH CAUSE OF ACTION
### Deceptive Advertising Practices
**(California Business & Professions Code §§ 17500, et seq.)**
*(for the California Class Only)*

59.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

60.     California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

61.     Defendants violated California Business & Professions Code § 17500 when they represented that Listerine Total Care possessed characteristics and a value that it did not actually have; these representations were made through Defendants' statements that the mouthwash would provide "total [oral] care," and "fight[] unsightly plaque above the gum line," as alleged herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

62.     Defendants' deceptive practices were specifically designed to induce Representative Plaintiffs and members of the California Class to purchase the mouthwash over the mouthwashes of their competitors. Defendants engaged in broad-based marketing efforts, including posting statements on Defendants' website, releasing television commercials nationwide, and establishing promotional websites on social networking sites, as alleged herein, in order to reach Representative Plaintiffs and California Class members and induce them to purchase this product.

63.     The content of the advertisements, as alleged herein, were of a nature likely to deceive a reasonable consumer.

64.     Defendants knew or, in the exercise of reasonable care, should have known that the representations were untrue or misleading and likely to deceive reasonable consumers.

65.     As a direct and proximate result of Defendants' unlawful conduct in violation of California Business & Professions Code § 17500, Defendants should be required to provide all proper remedies to Representative Plaintiffs and members of the California Class.

**FIFTH CAUSE OF ACTION**
**Consumer Legal Remedies Act**
**(California Civil Code §1750, et seq.)**
***(for the California Class Only)***

66.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

67.     Representative Plaintiffs and the members of the California Class are consumers who purchased Defendants' Listerine Total Care, directly or indirectly from Defendants for personal use.

68.     Through Defendants' statements that the mouthwash would provide "total [oral] care," and "fight[] unsightly plaque above the gum line," Defendants represented that the mouthwash had/has characteristics, uses and/or benefits which it did/does not have, which constituted and continues to constitute an unfair or deceptive trade practice under the provisions

of California Civil Code § 1770(a)(5) (the "Consumers Legal Remedies Act"). Representative Plaintiffs and members of the California Class viewed and reasonably and justifiably relied on Defendants' misrepresentations when purchasing the mouthwash, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the mouthwash or would not have purchased it at the price at which it was offered.

69.     Representative Plaintiffs and the members of the California Class have been directly and proximately injured by Defendants' conduct in ways including, but not limited to, the monies paid to Defendants for a product which does not deliver the total oral care it purports to deliver.

70.     Insofar as Defendants' conduct violated California Civil Code § 1770(a)(5), Representative Plaintiffs and members of the California Class are entitled to (pursuant to California Civil Code § 1780, *et seq.*) and do seek injunctive relief to end Defendants' violations of the California Consumers Legal Remedies Act.

71.     In addition, pursuant to California Civil Code § 1782(a), Representative Plaintiff Charlene Britton on her own behalf and on behalf of members of the California Class, has notified Defendants of the alleged violations of the Consumer Legal Remedies Act. If, after 30 days from the date of the notification letter, Defendants have failed to provide appropriate relief for the violations, Representative Plaintiffs will amend this Complaint to seek compensatory, monetary and punitive damages, in addition to equitable and injunctive relief, and will further request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

72.     As a direct and proximate result of Defendants' unfair and deceptive trade practice, Representative Plaintiffs and members of each of the Classes have been damaged in an amount to be proven at trial. Representative Plaintiffs further request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  may have been acquired by means of such unfair business practices, and for such other relief as

2  provided in California Civil Code § 1780 and the Prayer for Relief.

3

4  **SIXTH CAUSE OF ACTION**
**Unfair Business Practices Under The Unfair Competition Act**

5  **(California Business & Professions Code §§ 17200-17208)**
***(for the California Class Only)***

6

7  73.      Representative Plaintiffs incorporate in this cause of action each and every

8  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

9  herein.

10  74.      Representative Plaintiffs further brings this cause of action seeking equitable and

11  injunctive relief to stop Defendants' misconduct, as complained of herein, and to seek restitution

12  of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business

13  practices described herein.

14  75.      Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or

15  fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-

16  17208. Specifically, Defendants conducted business activities while failing to comply with the

17  legal mandates cited herein.

18  76.      Defendants' conduct was, and continues to be, unlawful in that it is a violation of

19  California Civil Code §1750, *et seq.* and California Business & Professions Code §§ 17500, *et*

20  *seq.*, as alleged herein.

21  77.      Defendants' conduct was, and continues to be fraudulent, because directly or

22  through their agents and employees, Defendants made false representations to Representative

23  Plaintiffs and members of the California Class that were likely to deceive Representative

24  Plaintiffs and members of the California Class. These false representations misled Representative

25  Plaintiffs and members of the California Class into purchasing Listerine Total Care.

26  78.      Defendants' false representations include, but are not limited to, the statements

27  that the mouthwash would provide "total [oral] care," and "fight[] unsightly plaque above the

28  gum line," as alleged herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

79.    Representative Plaintiffs and members of the California Class reasonably and justifiably relied on Defendants' misrepresentations when purchasing Listerine Total Care, were unaware of the existence of facts that Defendants suppressed and failed to disclose, and, had the facts been known, would not have purchased the mouthwash and/or would not have purchased it at the price at which it was offered.

80.    Specifically, Representative Plaintiffs and members of the California Class viewed Defendants' product packaging, product commercials, and product specifications and, in reliance on those representations, purchased the mouthwash for total oral care.

81.    As a direct and proximate result of Defendants' wrongful conduct, Representative Plaintiffs and members of the California Class have suffered and continue to suffer economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendants for a product which does not deliver the purported total oral care.

82.    Defendants' conduct in making the representations described herein, and failing to disclose or remedy the problem despite their knowledge of the product limitations, constitutes a knowing failure to adopt policies in accordance with and/or adhere to applicable laws, as set forth herein, all of which are binding upon and burdensome to their competitors, engendering an unfair competitive advantage for Defendants, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

83.    Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiffs and to California Class Members herein alleged, as incidental to their business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by their responsible competitors and as set forth in legislation and the judicial record.

84.    In addition, Defendants' conduct was, and continues to be, unfair, in that their injury to millions of purchasers of the mouthwash is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

///

85.    Moreover, Representative Plaintiffs and members of the California Class could not have reasonably avoided such injury given that Defendants failed to disclose the product's effectiveness limitations at any point, and Representative Plaintiffs and members of the California Class purchased the mouthwash in reliance on the representations made by Defendants, as alleged herein.

86.    Representative Plaintiffs and the members of the California Class have been directly and proximately injured by Defendants' conduct in ways including, but not necessarily limited to, monies paid to Defendants for a product which does not deliver the purported total oral care.

**SEVENTH CAUSE OF ACTION**
**Breach of Song-Beverly Consumer Warranty Act**
**(California Civil Code § 1790, et seq.)**
***(for the California Class only)***

87.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

88.    Listerine Total Care is a "consumer good" within the meaning of California Civil Code § 1791(a).

89.    Representative Plaintiffs and each member of the California Class purchased Defendants' Listerine Total Care in California.

90.    Defendants' express warranty and implied warranty of merchantability arose out of and/or were related to the sale of the mouthwash.

91.    Defendants warranted to consumers, among other things, that Listerine Total Care would constitute "total" oral care and would "fight[] unsightly plaque above the gum line."

92.    Defendants' sale of the mouthwash is also subject to an implied warranty of merchantability (i.e. that the mouthwash passes without objection in the trade under the descriptions and advertisements provided by Defendants, is fit for the ordinary purpose for which

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  such goods are used, and conforms to the promises and affirmations of fact made on the

2  container and labels).

3       93.       Ordinary use of Listerine Total Care is for general oral healthcare namely,

4  fighting plaque in addition to preventing cavities, strengthening teeth, killing bad breath germs,

5  freshening breath, and restoring tooth enamel.

6       94.     When Defendants placed the mouthwash into the stream of commerce, they knew,

7  reasonably should have known, and/or were obligated to understand that the intended and

8  ordinary purpose of the mouthwash was to function as a total oral care product in providing

9  consumers with plaque-fighting properties.

10       95.     The mouthwash cannot perform its ordinary and represented purpose because it

11  contains a sole active ingredient not proven effective for providing the oral healthcare benefits

12  sought by consumers.

13       96.     As set forth herein, Defendants failed to comply with their obligations under their

14  express warranties and under their implied warranty of merchantability in that they did not

15  provide a product that functions as warranted, that serves its ordinary or intended purpose, or

16  functions in conformance with specifications as advertised.

17       97.     Representative Plaintiffs and the California Class Members have suffered and will

18  continue to suffer damages as a direct and proximate result of Defendants' failure to comply with

19  their warranty obligations, and are entitled to judgment pursuant to California Civil Code §§

20  1791.1(d) and 1794, as well as attorneys' fees, costs and interest.

21

22                  **EIGHTH CAUSE OF ACTION**
                 **Breach of Express Warranty**

23             ***(for the California and Nationwide Classes)***

24       98.     Representative Plaintiffs incorporate in this cause of action each and every

25  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

26  herein.

27       99.     Defendants, as the designers, manufacturers, distributors and sellers of the

28  mouthwash, expressly warranted that the mouthwash being sold to the general public would

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    effectively provide total oral care and assist consumers in the fight against disease-inducing oral

2    ailments, as advertised.

3          100.    Defendants warranted to consumers that Listerine Total Care would constitute

4    "total" oral care and would "fight[] unsightly plaque above the gum line."

5          101.    In addition, Defendants' promotional statements, representations and

6    demonstrations regarding the mouthwash became part of the basis of the bargain between

7    consumers and Defendants, creating express warranties that the product purchased by the

8    Representative Plaintiffs and members of each of the Classes would conform to Defendants'

9    representations.

10         102.    Defendants' breached their express warranties because Listerine Total Care does

11   not conform to the promises or affirmations made by Defendants to the Representative Plaintiffs

12   and members of each of the Classes.

13         103.    Representative Plaintiffs, on their own behalf and on behalf of members of each

14   of the Classes, have provided and/or will provide reasonable notice to Defendants of the breach

15   of warranty.

16         104.    Representative Plaintiffs and the members of each of the Classes have been

17   directly and proximately injured by Defendants' conduct in ways including, but not limited to,

18   the purchase of a product which does not deliver the total oral care it purports to deliver.

19         105.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

20   herein, Representative Plaintiffs and members of each of the Classes are entitled to monetary

21   damages in the amount of the difference in value between a mouthwash capable of providing

22   total oral healthcare benefits and the value paid to Defendants for a product which Defendants

23   represented would provide benefits it is incapable of providing.

24   ///

25   ///

26   ///

27   ///

28   ///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**NINTH CAUSE OF ACTION**
**Breach of Implied Warranty**
*(for the California and Nationwide Classes)*

106.     Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

107.     Defendants are merchants engaged in the business of selling, among other things, healthcare products to consumers. Defendants' sale of Listerine Total Care is subject to an implied warranty of merchantability. Defendants breached said warranty by selling a product which does not pass without objection in the trade under the descriptions and advertisements provided by Defendants, is not fit for the ordinary purpose for which such goods are used, and does not conform to the promises and affirmations of fact made on the container and labels.

108.     Representative Plaintiffs and members of each of the Classes purchased the mouthwash and used it for its ordinary and intended purposes which included fighting plaque, preventing cavities, and providing general oral healthcare such as strengthening teeth, killing bad breath germs, freshening breath, and restoring tooth enamel.

109.     The mouthwash cannot perform its ordinary and represented purpose because it contains a sole active ingredient not proven effective for providing the oral healthcare benefits sought by consumers.

110.     When Defendants placed the mouthwash into the stream of commerce, they knew, reasonably should have known, and/or were obligated to understand that the intended and ordinary purpose of the mouthwash was to function as a total oral care product in providing consumers with plaque-fighting properties.

111.     Representative Plaintiffs and members of each of the Classes reasonably expected that the mouthwash they purchased would provide the described and warranted health care benefits represented by Defendants, including, but not necessarily limited to, fighting plaque above the gum line and supplying a mode of total oral healthcare.

///

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

112.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and members of each of the Classes were injured and are entitled to damages in an amount to be proven at trial.

**TENTH CAUSE OF ACTION**
**Unjust Enrichment**
***(for the California and Nationwide Classes)***

113.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

114.    As alleged herein, Defendants intentionally and/or recklessly made false representations to Representative Plaintiffs and members of each of the Classes to induce them to purchase Listerine Total Care. Representative Plaintiffs and members of each of the Classes reasonably relied on these false representations when purchasing Listerine Total Care.

115.    Representative Plaintiffs and members of each of the Classes did not receive all of the benefits promised by Defendants, and paid more to Defendants for the mouthwash than they otherwise would and/or should have paid.

116.    It would be inequitable and unconscionable for Defendants to retain the profit, benefit and/or other compensation they obtained from their deceptive, misleading, and unlawful conduct alleged herein.

117.    Representative Plaintiffs and members of each of the Classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon, all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

**RELIEF SOUGHT**

**WHEREFORE, the Representative Plaintiffs**, on behalf of themselves and the proposed **Plaintiff Classes**, pray for judgment and the following specific relief against **Defendants**, as follows:

1.     That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23(b)(2) and/or (b)(3);

**For the California Class Only:**

2.     That Defendants are found to have violated California Business & Professions Code § 17200, *et seq*., and § 17500, *et seq*., California Civil Code §1750, *et seq*., and § 1790, *et seq*., as to the Representative Plaintiffs and California Class members;

3.     That the Court order Defendants to pay restitution to the Representative Plaintiffs and the California Class Members due to Defendants' unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

4.     That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq*.;

5.     For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5 and/or California Civil Code §§ 1780(d) and/or 1794(d);

**For the California and National Classes:**

6.     That Defendants are found to have made fraudulent and/or negligent misrepresentations to Representative Plaintiffs and all Class members;

7.     An award to Representative Plaintiffs and members of both Classes of damages in an amount to be proven at trial;

8.     For Punitive Damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct in the future;

9.     For all other Orders, findings and determinations identified and sought in this Complaint;

10.    For interest on the amount of any and all economic losses, at the prevailing legal rate; and

11.    For costs of suit and any and all other such relief as the Court deems just and proper.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1

**JURY DEMAND**

2       Representative Plaintiffs and members of each of the Plaintiff Classes hereby demand

3   trial by jury on all issues triable of right by jury.

4

5   Dated: December 20, 2010                **SCOTT COLE & ASSOCIATES, APC**

6

7                          By:    /s/Matthew R. Bainer
                                  _____
8                                  Matthew R. Bainer, Esq.
                                   Attorneys for Representative Plaintiffs
9                                  and the Plaintiff Classes

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# EXHIBIT B

Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
Hannah R. Salassi, Esq. (S.B. # 230117)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
email:  scole@scalaw.com
email:  mbainer@scalaw.com
email:  hsalassi@scalaw.com
Web:   www.scalaw.com

Attorneys for Representative ~~Plaintiff~~Plaintiffs
and the Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLENE A. BRITTON, ITAK MORADI, KATHY PAHIGIAN, individually, and on behalf of all others similarly situated,<br><br>~~Plaintiff~~Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON, McNEIL-PPC, INC., and JOHNSON & JOHNSON CONSUMER ~~PRODUCTS~~COMPANIES, INC.,<br><br>Defendants. | Case No. 3:10-cv-04450-TEH<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>**[Jury Trial Demanded]** |

Representative ~~Plaintiff alleges~~Plaintiffs allege as follows:

### PRELIMINARY STATEMENT

1.     This is a class action, brought under Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, seeking damages, restitution, interest thereon, injunctive and other equitable relief and reasonable attorneys' fees and costs on behalf of Representative ~~Plaintiff~~Plaintiffs and all other persons (hereinafter referred to as the "Class Members," the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  "Plaintiff Classes" and/or either of the Classes defined herein) who have purchased Listerine

2  Total Care Anticavity Mouthwash (hereinafter referred to as "Listerine Total Care" or

3  "mouthwash") from Defendants Johnson & Johnson, McNEIL-PPC, Inc., and/or Johnson &

4  Johnson Consumer ~~Products~~Companies, Inc. (hereinafter collectively referred to as

5  "Defendants"), either directly therefrom or indirectly from a distributor or retailer thereof within

6  the United States at any time during the applicable limitations period. The Representative

7  ~~Plaintiff~~Plaintiffs, on behalf of ~~herself~~themselves and all Class Members, also ~~seeks~~seek

8  injunctive relief and restitution of all benefits Defendants have enjoyed from their unlawful

9  and/or deceptive business practices, as detailed herein.

10

11                          **JURISDICTION AND VENUE**

12       2.       Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction)

13  and/or 28 U.S.C. §1331 (controversy arising under United States law). Supplemental jurisdiction

14  to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

15       3.       Venue is proper in this Court under 28 U.S.C. § 1391 because the events that give

16  rise to ~~Plaintiff's~~Plaintiffs' claims took place within the Northern District of California and

17  because Defendants market, distribute, and sell their products within this District.

18

19                          ~~**PLAINTIFF**~~

20                          **PLAINTIFFS**

21       4.       Charlene Britton, Itak Moradi, and Kathy Pahigian, the named/representative

22  ~~Plaintiff~~Plaintiffs identified herein, ~~was~~were and ~~is a~~are natural ~~person~~persons and, during the

23  relevant time period, purchased and used (or attempted to use) Johnson & Johnson Listerine

24  Total Care Anticavity Mouthwash, yet did not receive the full value of the product, as promised

25  by Defendants.

26       5.       As used throughout this Complaint, the term "Class Members" and/or the

27  "Plaintiff Classes" refers to the named ~~plaintiff~~plaintiffs herein as well as each and every person

28

1    eligible for membership in one or more of the classes of persons, as further described and

2    defined herein.

3        6.    At all times herein relevant, Representative ~~Plaintiff was~~Plaintiffs were and ~~is a~~

4    ~~person~~are persons within each of the classes of persons further described and defined herein.

5        7.    Representative ~~Plaintiff brings~~Plaintiffs bring this action on behalf of

6    ~~herself~~themselves and as a class action, pursuant to Rule 23(b)(2) and/or (b)(3) of the Federal

7    Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by

8    the unlawful conduct described herein.

9        ~~7.~~

10                            **DEFENDANTS**

11       8.    At all times herein relevant, Defendant Johnson & Johnson was a corporation,

12   duly licensed in New Jersey and doing business in this Judicial District as well as throughout the

13   United States. Johnson & Johnson maintains its principal place of business in New Brunswick,

14   New Jersey.

15       9.    Defendant McNeil-PPC, Inc. is a pharmaceutical company belonging to

16   Defendant Johnson & Johnson. At all times herein relevant, Defendant McNeil-PPC, Inc. was a

17   corporation, duly licensed in New Jersey and doing business in this Judicial District as well as

18   throughout the United States. Defendant McNeil-PPC, Inc. maintains its principal place of

19   business in Fort Washington, Pennsylvania.

20       10.   Defendant Johnson & Johnson Consumer ~~Products~~Companies, Inc. is a division

21   of McNeil-PPC, Inc~~.~~. At all times herein relevant, Defendant Johnson & Johnson Consumer

22   ~~Products~~Companies, Inc. was a corporation, duly licensed in New Jersey and doing business in

23   this Judicial District as well as throughout the United States. Defendant Johnson & Johnson

24   Consumer ~~Products~~Companies, Inc. maintains its principal place of business in Fort Washington,

25   Pennsylvania.

26       11.   Representative ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe and, on that

27   basis, ~~alleges~~allege that, at all relevant times herein-mentioned, each of the Defendants either

28   identified herein and/or who may be identified in subsequent versions of this Complaint was the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  agent and/or employee of each of the remaining Defendants and, in doing the acts herein alleged,

2  was acting within the course and scope of such agency and/or employment.

3

4  **CLASS ACTION ALLEGATIONS**

5  12.   Representative ~~Plaintiff brings~~Plaintiffs bring this action on behalf of

6  ~~herself~~themselves and as a class action on behalf of the following Plaintiff Classes:

7  California Class:
   "All persons who purchased, within the State of California, Listerine Total Care
8  Anticavity Mouthwash."

9  National Class:
   "All persons who purchased, within the United States, Listerine Total Care
10  Anticavity Mouthwash."

11

12  13.   Defendants and their officers and directors are excluded from both of the Plaintiff

13  Classes.

14  14.   This action has been brought and may properly be maintained as a class action

15  under ~~~~Federal Rule of Civil Procedure Rule 23(b)(2) and/or (b)(3) because there is a well-

16  defined community of interest in the litigation and membership in the proposed Classes is easily

17  ascertainable:

18  a.   Numerosity: A class action is the only available method for the fair and
   efficient adjudication of this controversy. The members of the Plaintiff
19  Classes are so numerous that joinder of all members is impractical, if not
   impossible, insofar as the Representative ~~Plaintiff is~~Plaintiffs are informed
20  and ~~believes~~believe and, on that basis, ~~alleges~~allege that the total number
   of Class Members is in the thousands, if not millions, of individuals.
21  Membership in the Classes will be determined by analysis of point of sale,
   electronic-mail and/or other transactional information, among other
22  records maintained by Defendants.

23  b.   Commonality: The Representative ~~Plaintiff~~Plaintiffs and the Class
24  Members share a community of interests in that there are numerous
   common questions and issues of fact and law which predominate over
25  questions and issues solely affecting individual members, including, but
   not necessarily limited to:
26
27  1)   Whether Defendants knew or should have known of the
   ineffectiveness of the active ingredient contained in Listerine Total
28  Care;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

2) Whether Defendants had a duty to disclose to consumers the true effectiveness of the product;

3) Whether Defendants' advertising of Listerine Total Care was false, deceptive, and/or misleading;

4) Whether Defendants violated California Business and Professions Code §17500, *et seq.* by engaging in misleading or deceptive advertising;

5) Whether Defendants violated California Civil Code §1750, *et seq.* by engaging in unfair or deceptive trade practices;

///

6) Whether Defendants breached express warranties and/or implied warranties of merchantability and/or fitness regarding Listerine Total Care's functionality and effectiveness;

7) Whether Defendants violated California Civil Code §1790, *et seq.* by breaching express and implied warranties;

8) Whether Defendants intentionally or negligently misrepresented Listerine Total Care's functionality and effectiveness;

9) Whether Defendants' engagement in false representations regarding Listerine Total Care's functionality –and effectiveness constituted a fraud on consumers; and

10) Whether Defendants violated California Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices.

c. Typicality: The Representative Plaintiff'sPlaintiffs' claims are typical of the claims of the Plaintiff Classes. Representative PlaintiffPlaintiffs and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d. Adequacy of Representation: The Representative PlaintiffPlaintiffs in this class action is anare adequate representativerepresentatives of each of the Plaintiff Classes in that the Representative Plaintiff hasPlaintiffs have the same interest in the litigation of this case as the Class Members, isare committed to vigorous prosecution of this case and hashave retained competent counsel who isare experienced in conducting litigation of this nature. The Representative Plaintiff isPlaintiffs are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Classes in their entirety. The Representative

-5-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   ~~Plaintiff anticipates~~Plaintiffs anticipate no management difficulties in this litigation.

2   e.   <u>Superiority of Class Action</u>: Since the damages suffered by individual
3        Class Members, while not inconsequential, may be relatively small, the
         expense and burden of individual litigation by each member makes or may
4        make it impractical for members of the Plaintiff Classes to seek redress
         individually for the wrongful conduct alleged herein. Should separate
5        actions be brought or be required to be brought, by each individual
         member of the Plaintiff Classes, the resulting multiplicity of lawsuits
6        would cause undue hardship and expense for the Court and the litigants.
         The prosecution of separate actions would also create a risk of inconsistent
7        rulings which might be dispositive of the interests of other Class Members
         who are not parties to the adjudications and/or may substantially impede
8        their ability to adequately protect their interests.

9   f.   <u>Rule 23(b)(2)</u>: In addition, Defendants have acted and/or refused to act on
         grounds that apply generally to the Plaintiff Classes, so that final
10       injunctive relief or corresponding declaratory relief is appropriate
         respecting the class as a whole.

11  g.   <u>Rule 23(b)(3)</u>: Questions of law or fact common to class members
12       predominate over any questions affecting only individual members, and a
         class action is superior, in ways including, but not limited to, paragraph (e)
13       herein, to other available methods for fairly and efficiently adjudicating
         the controversy.

## COMMON FACTUAL ALLEGATIONS

15. For more than 120 years, the ~~JOHNSON & JOHNSON~~Johnson & Johnson brand-name~~-~~ has been associated with the innovation, development and marketing of home healthcare products.

16. As part of its "Oral Health Care" line, Defendants produce, manufacture, and distribute Listerine Total Care in a variety of flavors and market the product to consumers nationwide. As such, Listerine Total Care has been purchased by thousands, if not millions, of consumers, both in California and nationwide, all of whom are putative Class Members.

17. Listerine Total Care is a home healthcare product designed and marketed for consumer use as total oral healthcare.

18. Indeed, Listerine's website (www.listerine.com) boasts that Listerine Total Care is the "most complete mouthwash" as compared to other over-the-counter mouthwashes.

19. ~~-~~Its multi-purpose functions are advertised as including, but are not necessarily limited to, "help[ing] [to] prevent cavities, restor[ing] enamel, strengthen[ing] teeth, kill[ing] bad breath germs, freshen[ing] breath," and "fight[ing] unsightly plaque above the gum line."

-6-

20.     The sole active ingredient in Listerine Total Care is sodium fluoride.

21.     The product packaging includes statements that Listerine Total Care will: "help[] prevent cavities, restore[] enamel, strengthen[] teeth, kill[] bad breath germs, freshen[] breath" and "fight[] unsightly plaque above the gum line."

22.     Listerine Total Care does not effectively fight plaque above the gum line.

23.     Defendants placed Listerine Total Care into the stream of commerce and marketed it as a drug. By doing so, Defendants necessarily represented to consumers that the product had the approval of the Food and Drug Administration ("FDA"). In fact, Listerine Total Care does not have FDA approval for all of the purposes for which it is marketed.

24.     Despite their knowledge of the ingredient composition of the mouthwash, which rendered it ineffective for the purposes conveyed to consumers, Defendants engaged in a long-standing, nationwide marketing campaign promoting this product as "total" oral healthcare. Defendants' campaign included, but was not limited to, the following acts:

a.      On or before May 7, 2009, Defendants released a commercial which advertised that Listerine Total Care provided "Six keys signs of a healthy mouth: tartar free teeth, no plaque build-up, healthy gums, no tooth decay, naturally white teeth, and fresh breath." Defendants' commercials were disseminated nationwide, including, but not necessarily limited to, on the internet.

b.      In approximately October 2009, Defendants launched a micro website for Listerine Total Care, advertising the following benefits: "Remove more plaque and then strengthen teeth for a cleaner, healthier mouth." The microsite also touted that the product "finishes the job by fighting cavities and killing bad breath and germs."

c.      In approximately October, 2009, Defendants launched a Facebook page for Listerine Total Care, advertising the following benefits: "Whiter Teeth, Healthy Gums, Breath Protection, Kills Bacteria, Strengthens Teeth, Reduces Plaque."

d.      Defendants also advertise the following benefits for Listerine Total Care on their general website for Listerine products: "Helps Prevent Cavities, Restores Minerals to Enamel, Strengthens Teeth, Kills Bad Breath Germs, Freshens Breath, Fights Unsightly Plaque Above the Gum Line."

25.     In approximately June 2010, Representative Plaintiff Charlene Britton purchased Listerine Total Care, after viewing and relying on the product's representations, on its packaging, that it would, *inter alia*, whiten teeth, prevent cavities, restore enamel, strengthen teeth, kill bad

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

breath germs, freshen breath, and fight unsightly plaque above the gum line. If Representative Plaintiff Britton had known of the product's ineffectiveness, she would not have purchased the product or would not have purchased it at the same price.

26.    Plaintiff Itak Moradi purchased Listerine Total Care during the relevant time period after viewing and relying on the product's representations, on its packaging, that it would, *inter alia*, whiten teeth, prevent cavities, restore enamel, strengthen teeth, kill bad breath germs, freshen breath, and fight unsightly plaque above the gum line. If Representative Plaintiff Moradi had known of the product's ineffectiveness, she would not have purchased the product or would not have purchased it at the same price.

27.    Plaintiff Kathy Pahigian purchased Listerine Total Care during the relevant time period after viewing and relying on the product's representations, on its packaging, that it would, *inter alia*, whiten teeth, prevent cavities, restore enamel, strengthen teeth, kill bad breath germs, freshen breath, and fight unsightly plaque above the gum line. If Representative Plaintiff Pahigian had known of the product's ineffectiveness, she would not have purchased the product or would not have purchased it at the same price.

26.28.  Despite their legal obligations to do so, Defendants have taken no apparent steps to inform either potential consumers or previous purchasers of the false promises detailed in this Complaint.

27.29.  This action is brought to redress and end this pattern of unlawful conduct. Indeed, without an award of damages and injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

28.30.  As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative PlaintiffPlaintiffs and Class Members were misled into purchasing Listerine Total Care, unjustly enriching Defendants at the expense of these consumers. Defendants, at all times, knew that Representative PlaintiffPlaintiffs and the Class Members would rely upon the misrepresentations and/or omissions of Defendants. Defendants' concealment, misbranding and non-disclosure were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers. Representative

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Plaintiff's Plaintiffs' and Class Members' reliance, and resultant substantial monetary loss, were reasonably foreseeable by Defendants.

**FIRST CAUSE OF ACTION**
**Fraud**
(*for the California and Nationwide Classes*)

29.31.   Representative Plaintiff incorporates Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

32.   The conduct of Defendants constitutes a fraud against Representative Plaintiff Plaintiffs and members of each of the Classes. Defendants, directly and/or through their agents and employees, made false representations to Representative Plaintiff Plaintiffs and members of each of the Classes that were likely to deceive Representative Plaintiff Plaintiffs and members of each of the Classes.

30.   Representative Plaintiff Plaintiffs and members of each of the Classes were misled by these false representations into purchasing Listerine Total Carefrom Care from Defendants.

31.33.   Defendants' false representations include, but are not limited to, the statements that Listerine Total Care is "total care," and "fights unsightly plaque above the gum line," as alleged herein.

32.34.   Defendants placed Listerine Total Care into the stream of commerce and marketed it as a drug. By doing so, Defendants necessarily represented to consumers that the product had the approval of the FDA. In fact, Listerine Total Care does not have FDA approval for all of the purposes for which it is marketed.

33.35.   Defendants knew, or reasonably should have known, of the false representations alleged herein based on the ingredient composition of the mouthwash and intentionally concealed information from Plaintiff Plaintiffs and members of each of the Classes.

34.36.   The sole active ingredient of the mouthwash is listed as "sodium fluoride 0.0221%" - an ingredient which has not been shown to fight or prevent plaque.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-9-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

35.37.  Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendants' misrepresentations when purchasing the mouthwash, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the mouthwash and/or would not have purchased it at the price at which it was offered.

36.38.  Specifically, Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes viewed Defendants' product packaging, product commercials, and product specifications and, in reliance on those representations, purchased the mouthwash for total oral care.

37.39.  As a direct and proximate result of Defendants' wrongful conduct, Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes have suffered and continue to suffer economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendants for a product which does not deliver the purported total oral care.

38.40.  Moreover, in that, at all times herein mentioned, Defendants intended to cause or acted with reckless disregard of the probability of causing damage to Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes, and because Defendants were guilty of oppressive, fraudulent and/or malicious conduct, Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes are entitled to an award of exemplary or punitive damages against Defendants in an amount adequate to deter such conduct in the future.

**SECOND CAUSE OF ACTION**
**Intentional Misrepresentation**
***(for the California and Nationwide Classes)***

39.41.  Representative ~~Plaintiff incorporates~~Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40.42. At all times relevant herein, Defendants were engaged in the business of designing, manufacturing, marketing, distributing and/or selling, among other products, home healthcare products, as alleged herein.

41.43. Defendants willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the mouthwash, in ways including, but not limited to, the statements that the mouthwash would provide "total [oral] care," and "fight[] unsightly plaque above the gum line," as alleged herein.

42.44. Defendants placed Listerine Total Care into the stream of commerce and marketed it as a drug. By doing so, Defendants necessarily represented to consumers that the product had the approval of the FDA. In fact, Listerine Total Care does not have FDA approval for all of the purposes for which it is marketed.

43.45. Defendants knew that the misrepresentations alleged herein were false at the time they made them and/or acted recklessly in making such misrepresentations, based on Defendants' knowledge of the sole active ingredient intended to provide such benefits to consumers.

44.46. Defendants' misrepresentations were the type of misrepresentations that are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions). The misrepresentations were material in that Representative Plaintiff Plaintiffs and members of each of the Classes purchased Listerine Total Care as a home healthcare product capable of providing total oral healthcare benefits.

45.47. Representative Plaintiff Plaintiffs and members of each of the Classes reasonably and justifiably relied on Defendants' misrepresentations when purchasing the mouthwash, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the mouthwash and/or would not have purchased it at the price at which it was offered. Representative Plaintiff's Plaintiffs' and each Class member's reliance was a substantial factor in making the purchase which led to the resulting injury, as alleged herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-11-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    46.48.  Specifically, Representative Plaintiff Plaintiffs and members of each of the Classes

2    viewed Defendants' product packaging, product commercials, and product specifications, and, in

3    reliance on those representations, purchased Listerine Total Care for its purported total oral

4    health benefits.

5    47.49.  Defendants intended that Representative Plaintiff Plaintiffs and members of each

6    of the Classes rely on the misrepresentations alleged herein and purchase the mouthwash for the

7    uses advertised, including total oral healthcare.

8    48.50.  As a direct and proximate result of Defendants' intentional misrepresentation,

9    Representative Plaintiff Plaintiffs and members of each of the Classes were injured in ways

10   including, but not limited to, the purchase of a product which does not deliver the total oral care

11   it purports to deliver. Damages resulting from such injury may, but do not necessarily include

12   nor are limited to, monetary damages in the amount of the difference in value between a

13   mouthwash capable of providing total oral healthcare benefits and the value paid to Defendants

14   for a product which Defendants represented would provide benefits it is incapable of providing.

15   ///

16   49.51.  Moreover, in that, at all times herein mentioned, Defendants intended to cause, or

17   acted with reckless disregard of the probability of causing, damage to Representative

18   Plaintiff Plaintiffs and members of each of the Classes, and because Defendants were guilty of

19   oppressive, fraudulent and/or malicious conduct, Representative Plaintiff Plaintiffs and members

20   of each of the Classes are entitled to an award of exemplary or punitive damages against

21   Defendants in an amount adequate to deter such conduct in the future. Specifically, despite

22   knowledge that the mouthwash product could not provide total oral healthcare and was not

23   approved as an effective means of fighting plaque, Defendants have refused, and continue to

24   refuse, any response or remedy.

25

26                              **THIRD CAUSE OF ACTION**

27                              **Negligent Misrepresentation**
                                ***(for the California and Nationwide Classes)***

28

50.52.  Representative ~~Plaintiff incorporates~~Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

51.53.  Defendants owed a duty to Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes to exercise reasonable care in making representations about Listerine Total Care, which they offered for sale thereto.

52.54.  Defendants should have known of the ingredient composition of this product, as detailed in this Complaint and, thus, should have known that their representations, as also detailed, at least in part, in this Complaint, were false. In addition, given Defendants' knowledge of the sole active ingredient of Listerine Total Care, Defendants had no reasonable grounds to believe their representations as to the effectiveness of the product were true.

53.55.  Defendants' representations were negligently and recklessly made to potential consumers and the general public (including Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes) through Defendants' statement that the mouthwash provided "total care," and was effective in "fight[ing] unsightly plaque above the gum line."

///

54.56.  Defendants placed Listerine Total Care into the stream of commerce and marketed it as a drug. By doing so, Defendants necessarily represented to consumers that the product had the approval of the FDA. In fact, Listerine Total Care does not have FDA approval for all of the purposes for which it is marketed.

55.57.  Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes viewed and reasonably and justifiably relied on Defendants' misrepresentations when purchasing the mouthwash, were unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the facts been known, would not have purchased the mouthwash and/or would not have purchased it at the price at which it was offered.

56.58.  As a direct and proximate result of these misrepresentations, Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes have been damaged in an amount to be proven at trial. The damages suffered by Representative ~~Plaintiff~~Plaintiffs and members of each

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  of the Classes include, but are not limited to, the monies paid to Defendants for a product which
2  does not deliver the purported total oral care.
3  ///

4  **FOURTH CAUSE OF ACTION**
5  **Deceptive Advertising Practices**
   **(California Business & Professions Code §§ 17500, et seq.)**
6  **(*for the California Class Only*)**

7  57.59.  Representative ~~Plaintiff incorporates~~ Plaintiffs incorporate in this cause of action
8  each and every allegation of the preceding paragraphs, with the same force and effect as though
9  fully set forth herein.

10  58.60.  California Business & Professions Code § 17500 prohibits "unfair, deceptive,
11  untrue or misleading advertising."

12  59.61.  Defendants violated California Business & Professions Code § 17500 when they
13  represented that Listerine Total Care possessed characteristics and a value that it did not actually
14  have; these representations were made through Defendants' statements that the mouthwash
15  would provide "total [oral] care," and "fight[] unsightly plaque above the gum line," as alleged
16  herein.

17  60.62.  Defendants' deceptive practices were specifically designed to induce
18  Representative ~~Plaintiff~~ Plaintiffs and members of the California Class to purchase the
19  mouthwash over the mouthwashes of their competitors. Defendants engaged in broad-based
20  marketing efforts, including posting statements on Defendants' website, releasing television
21  commercials nationwide, and establishing promotional websites on social networking sites, as
22  alleged herein, in order to reach Representative ~~Plaintiff~~ Plaintiffs and California Class members
23  and induce them to purchase this product.

24  61.63.  The content of the advertisements, as alleged herein, were of a nature likely to
25  deceive a reasonable consumer.

26  62.64.  Defendants knew or, in the exercise of reasonable care, should have known that
27  the representations were untrue or misleading and likely to deceive reasonable consumers.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

1 | 63.65.  As a direct and proximate result of Defendants' unlawful conduct in violation of

2 | California Business & Professions Code § 17500, Defendants should be required to provide all

3 | proper remedies to Representative ~~Plaintiff~~Plaintiffs and members of the California Class.

4 | ~~///~~

5 | **FIFTH CAUSE OF ACTION**
**Consumer Legal Remedies Act**

6 | **(California Civil Code §1750, et seq.)**
***(for the California Class Only)***

7 |

8 | 64.66.  Representative ~~Plaintiff incorporates~~Plaintiffs incorporate in this cause of action

9 | each and every allegation of the preceding paragraphs, with the same force and effect as though

10 | fully set forth herein.

11 | 65.67.  Representative ~~Plaintiff~~Plaintiffs and the members of the California Class are

12 | consumers who purchased Defendants' Listerine Total Care, directly or indirectly from

13 | Defendants for personal use.

14 | 66.68.  Through Defendants' statements that the mouthwash would provide "total [oral]

15 | care," and "fight[] unsightly plaque above the gum line," Defendants represented that the

16 | mouthwash had/has characteristics, uses and/or benefits which it did/does not have, which

17 | constituted and continues to constitute an unfair or deceptive trade practice under the provisions

18 | of California Civil Code § 1770(a)(5) (the "Consumers Legal Remedies Act").

19 | ~~Plaintiff~~Representative Plaintiffs and members of the California Class viewed and reasonably

20 | and justifiably relied on Defendants' misrepresentations when purchasing the mouthwash, were

21 | unaware of the existence of facts that Defendants suppressed and failed to disclose and, had the

22 | facts been known, would not have purchased the mouthwash or would not have purchased it at

23 | the price at which it was offered.

24 | 67.69.  Representative ~~Plaintiff~~Plaintiffs and the members of the California Class have

25 | been directly and proximately injured by Defendants' conduct in ways including, but not limited

26 | to, the monies paid to Defendants for a product which does not deliver the total oral care it

27 | purports to deliver~~.~~.

28 |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
1970 BROADWAY, NINTH FLOOR
THE WACHOVIA TOWER
OAKLAND, CA 94612
TEL: (510) 891-9800

68.70. Insofar as Defendants' conduct violated California Civil Code § 1770(a)(5), Representative PlaintiffPlaintiffs and members of the California Class are entitled to (pursuant to California Civil Code § 1780, *et seq.*) and do seek injunctive relief to end Defendants' violations of the California Consumers Legal Remedies Act.

69.71. In addition, pursuant to California Civil Code § 1782(a), Representative Plaintiff Charlene Britton on her own behalf and on behalf of members of the California Class, has notified Defendants of the alleged violations of the Consumer Legal Remedies Act. If, after 30 days from the date of the notification letter, Defendants have failed to provide appropriate relief for the violations, Representative PlaintiffPlaintiffs will amend this Complaint to seek compensatory, monetary and punitive damages, in addition to equitable and injunctive relief, and will further request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

70.72. As a direct and proximate result of Defendants' unfair and deceptive trade practice, Representative PlaintiffPlaintiffs and members of each of the Classes have been damaged in an amount to be proven at trial. Representative PlaintiffPlaintiffs further request that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair business practices, and for such other relief as provided in California Civil Code § 1780 and the Prayer for Relief.

### SIXTH CAUSE OF ACTION
**Unfair Business Practices Under The Unfair Competition Act
(California Business & Professions Code §§ 17200-17208)
(*for the California Class Only*)**

71.73. Representative Plaintiff incorporatesPlaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72.74.  Representative ~~Plaintiff~~Plaintiffs further brings this cause of action seeking equitable and injunctive relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

73.75.  Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

74.76.  Defendants' conduct was, and continues to be, unlawful in that it is a violation of California Civil Code §1750, *et seq.* and California Business & Professions Code §§ 17500, *et seq.*, as alleged herein.

75.77.  Defendants' conduct was, and continues to be fraudulent, because directly or through their agents and employees, Defendants made false representations to Representative ~~Plaintiff~~Plaintiffs and members of the California Class that were likely to deceive Representative ~~Plaintiff~~Plaintiffs and members of the California Class. These false representations misled Representative ~~Plaintiff~~Plaintiffs and members of the California Class into purchasing Listerine Total Care.

76.78.  Defendants' false representations include, but are not limited to, the statements that the mouthwash would provide "total [oral] care," and "fight[] unsightly plaque above the gum line," as alleged herein.

77.79.  Representative ~~Plaintiff~~Plaintiffs and members of the California Class reasonably and justifiably relied on Defendants' misrepresentations when purchasing Listerine Total Care, were unaware of the existence of facts that Defendants suppressed and failed to disclose, and, had the facts been known, would not have purchased the mouthwash and/or would not have purchased it at the price at which it was offered.

78.80.  Specifically, Representative ~~Plaintiff~~Plaintiffs and members of the California Class viewed Defendants' product packaging, product commercials, and product specifications and, in reliance on those representations, purchased the mouthwash for total oral care.

-17-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    79.81.  As a direct and proximate result of Defendants' wrongful conduct, Representative

2    Plaintiff Plaintiffs and members of the California Class have suffered and continue to suffer

3    economic losses and other general and specific damages, including, but not necessarily limited

4    to, the monies paid to Defendants for a product which does not deliver the purported total oral

5    care.

6    80.82.  Defendants' conduct in making the representations described herein, and failing

7    to disclose or remedy the problem despite their knowledge of the product limitations, constitutes

8    a knowing failure to adopt policies in accordance with and/or adhere to applicable laws, as set

9    forth herein, all of which are binding upon and burdensome to their competitors, engendering an

10   unfair competitive advantage for Defendants, thereby constituting an unfair business practice

11   under California Business & Professions Code §§ 17200-17208.

12   81.83.  Defendants have clearly established a policy of accepting a certain amount of

13   collateral damage, as represented by the damages to the Representative Plaintiff Plaintiffs and to

14   California Class Members herein alleged, as incidental to their business operations, rather than

15   accept the alternative costs of full compliance with fair, lawful, and honest business practices,

16   ordinarily borne by their responsible competitors and as set forth in legislation and the judicial

17   record.

18   82.84.  In addition, Defendants' conduct was, and continues to be, unfair, in that their

19   injury to millions of purchasers of the mouthwash is substantial, and is not outweighed by any

20   countervailing benefits to consumers or to competitors.

21   ///

22   83.85.  Moreover, Representative Plaintiff Plaintiffs and members of the California Class

23   could not have reasonably avoided such injury given that Defendants failed to disclose the

24   product's effectiveness limitations at any point, and Representative Plaintiff Plaintiffs and

25   members of the California Class purchased the mouthwash in reliance on the representations

26   made by Defendants, as alleged herein.

27   86.    Representative Plaintiff Plaintiffs and the members of the California Class have

28   been directly and proximately injured by Defendants' conduct in ways including, but not

-18-

1  necessarily limited to, monies paid to Defendants for a product which does not deliver the

2  purported total oral care.

3  ~~84.~~

4  
5  **SEVENTH CAUSE OF ACTION**
**Breach of Song-Beverly Consumer Warranty Act**
**(California Civil Code § 1790, et seq.)**
6  **(*for the California Class only*)**

7  ~~85.~~87.  Representative ~~Plaintiff incorporates~~Plaintiffs incorporate in this cause of action

8  each and every allegation of the preceding paragraphs, with the same force and effect as though

9  fully set forth herein.

10  ~~86.~~88.  Listerine Total Care is a "consumer good" within the meaning of California Civil

11  Code § 1791(a).

12  ~~//~~

13  ~~87.~~89.  Representative ~~Plaintiff~~Plaintiffs and each member of the California Class

14  purchased Defendants' Listerine Total Care in California.

15  ~~88.~~90.  Defendants' express warranty and implied warranty of merchantability arose out

16  of and/or were related to the sale of the mouthwash.

17  ~~89.~~91.  Defendants warranted to consumers, among other things, that Listerine Total

18  Care~~,~~ would constitute "total" oral care and would "fight[] unsightly plaque above the gum line."

19  ~~90.~~92.  Defendants' sale of the mouthwash is also subject to an implied warranty of

20  merchantability (i.e. that the mouthwash passes without objection in the trade under the

21  descriptions and advertisements provided by Defendants, is fit for the ordinary purpose for which

22  such goods are used, and conforms to the promises and affirmations of fact made on the

23  container and labels).

24  ~~91.~~93.      Ordinary use of Listerine Total Care is for general oral healthcare namely,

25  fighting plaque in addition to preventing cavities, ~~-~~strengthening teeth, killing bad breath germs,

26  freshening breath, and restoring tooth enamel.

27  ~~92.~~94.  When Defendants placed the mouthwash into the stream of commerce, they knew,

28  reasonably should have known, and/or were obligated to understand that the intended and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-19-

1   ordinary purpose of the mouthwash was to function as a total oral care product in providing

2   consumers with plaque-fighting properties.

3       93.95.  The mouthwash cannot perform its ordinary and represented purpose because it

4   contains a sole active ingredient not proven effective for providing the oral healthcare benefits

5   sought by consumers.

6       94.96.  As set forth herein, Defendants failed to comply with their obligations under their

7   express warranties and under their implied warranty of merchantability in that they did not

8   provide a product that functions as warranted, that serves its ordinary or intended purpose, or

9   functions in conformance with specifications as advertised.

10      95.97.  Representative Plaintiff Plaintiffs and the California Class Members have suffered

11  and will continue to suffer damages as a direct and proximate result of Defendants' failure to

12  comply with their warranty obligations, and are entitled to judgment pursuant to California Civil

13  Code §§ 1791.1(d) and 1794, as well as attorneys' fees, costs and interest.

14

15              **EIGHTH CAUSE OF ACTION**
                **Breach of Express Warranty**
16              ***(for the California and Nationwide Classes)***

17      96.98.  Representative Plaintiff incorporates Plaintiffs incorporate in this cause of action

18  each and every allegation of the preceding paragraphs, with the same force and effect as though

19  fully set forth herein.

20      97.99.  Defendants, as the designers, manufacturers, distributors and sellers of the

21  mouthwash, expressly warranted that the mouthwash being sold to the general public would

22  effectively provide total oral care and assist consumers in the fight against disease-inducing oral

23  ailments, as advertised.

24      98.100.      Defendants warranted to consumers that Listerine Total Care would

25  constitute "total" oral care and would "fight[] unsightly plaque above the gum line."

26      99.101.      In addition, Defendants' promotional statements, representations and

27  demonstrations regarding the mouthwash became part of the basis of the bargain between

28  consumers and Defendants, creating express warranties that the product purchased by the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes would conform to

2  Defendants' representations.

3       ~~100.~~102.        Defendants' breached their express warranties because Listerine Total

4  Care does not conform to the promises or affirmations made by Defendants to the Representative

5  ~~Plaintiff~~Plaintiffs and members of each of the Classes.

6       ~~101.~~103.        Representative ~~Plaintiff~~Plaintiffs, on ~~her~~their own behalf and on behalf of

7  members of each of the Classes, ~~has~~have provided and/or will provide reasonable notice to

8  Defendants of the breach of warranty.

9       ~~102.~~104.        Representative ~~Plaintiff~~Plaintiffs and the members of each of the Classes

10  have been directly and proximately injured by Defendants' conduct in ways including, but not

11  limited to, the purchase of a product which does not deliver the total oral care it purports to

12  deliver.

13  ///

14       ~~103.~~105.        As a direct and proximate result of Defendants' unlawful conduct, as set

15  forth herein, Representative ~~Plaintiff~~Plaintiffs and members of each of the Classes are entitled to

16  monetary damages in the amount of the difference in value between a mouthwash capable of

17  providing total oral healthcare benefits and the value paid to Defendants for a product which

18  Defendants represented would provide benefits it is incapable of providing.

19  ///

20  ///

21  ///

22  ///

23  ///

24  **<u>NINTH CAUSE OF ACTION</u>**
    **Breach of Implied Warranty**

25  *(for the California and Nationwide Classes)*

26       ~~104.~~106.        Representative ~~Plaintiff incorporates~~Plaintiffs incorporate in this cause of

27  action each and every allegation of the preceding paragraphs, with the same force and effect as

28  though fully set forth herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    105.107.        Defendants are merchants engaged in the business of selling, among other

2    things, healthcare products to consumers. Defendants' sale of Listerine Total Care is subject to

3    an implied warranty of merchantability. Defendants breached said warranty by selling a product

4    which does not pass without objection in the trade under the descriptions and advertisements

5    provided by Defendants, is not fit for the ordinary purpose for which such goods are used, and

6    does not conform to the promises and affirmations of fact made on the container and labels.

7    106.108.        Representative Plaintiff Plaintiffs and members of each of the Classes

8    purchased the mouthwash and used it for its ordinary and intended purposes which included

9    fighting plaque, preventing cavities, and providing general oral healthcare such as strengthening

10   teeth, killing bad breath germs, freshening breath, and restoring tooth enamel.

11   107.109.        The mouthwash cannot perform its ordinary and represented purpose

12   because it contains a sole active ingredient not proven effective for providing the oral healthcare

13   benefits sought by consumers.

14   108.110.        -When Defendants placed the mouthwash into the stream of commerce,

15   they knew, reasonably should have known, and/or were obligated to understand that the intended

16   and ordinary purpose of the mouthwash was to function as a total oral care product in providing

17   consumers with plaque-fighting properties.

18   109.111.        Representative Plaintiff Plaintiffs and members of each of the Classes

19   reasonably expected that the mouthwash they purchased would provide the described and

20   warranted health care benefits represented by Defendants, including, but not necessarily limited

21   to, fighting plaque above the gum line -and supplying a mode of total oral healthcare.

22   ///

23   ///

24   110.112.        As a direct and proximate result of Defendants' unlawful conduct, as set

25   forth herein, Representative Plaintiff Plaintiffs and members of each of the Classes were injured

26   and are entitled to damages in an amount to be proven at trial.

27

28                    **TENTH CAUSE OF ACTION**
                     **Unjust Enrichment**

*(for the California and Nationwide Classes)*

<del>111.</del>113.      Representative <del>Plaintiff incorporates</del>Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

<del>112.</del>114.      As alleged herein, Defendants intentionally and/or recklessly made false representations to Representative <del>Plaintiff</del>Plaintiffs and members of each of the Classes to induce them to purchase Listerine Total Care. Representative <del>Plaintiff</del>Plaintiffs and members of each of the Classes reasonably relied on these false representations when purchasing Listerine Total Care.

<del>113.</del>115.      Representative <del>Plaintiff</del>Plaintiffs and members of each of the Classes did not receive all of the benefits promised by Defendants, and paid more to Defendants for the mouthwash than they otherwise would and/or should have paid.

<del>114.</del>116.      It would be inequitable and unconscionable for Defendants to retain the profit, benefit and/or other compensation they obtained from their deceptive, misleading, and unlawful conduct alleged herein.

<del>115.</del>117.      Representative <del>Plaintiff</del>Plaintiffs and members of each of the Classes are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon, all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

## <u>RELIEF SOUGHT</u>

**WHEREFORE, the Representative <del>Plaintiff</del>Plaintiffs**, on behalf of <del>herself</del>themselves and the proposed **Plaintiff Classes**, <del>prays</del>pray for judgment and the following specific relief against **Defendants**, as follows:

1.      That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23(b)(2) and/or (b)(3);

**<u>For the California Class Only:</u>**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2.      That Defendants are found to have violated California Business & Professions Code § 17200, *et seq.*, and § 17500, *et seq.*, California Civil Code §1750, *et seq.*, and § 1790, *et seq.*, as to the Representative ~~Plaintiff~~Plaintiffs and California Class members;

3.      That the Court order Defendants to pay restitution to the Representative ~~Plaintiff~~Plaintiffs and the California Class Members due to Defendants' unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

4.      That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

5.      For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5 and/or California Civil Code §§ 1780(d) and/or 1794(d);

**For the California and National Classes:**

6.      That Defendants are found to have made fraudulent and/or negligent misrepresentations to Representative ~~Plaintiff~~Plaintiffs and all Class members;

7.      An award to Representative ~~Plaintiff~~Plaintiffs and members of both Classes of damages in an amount to be proven at trial;

8.      For Punitive Damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct in the future;

9.      For all other Orders, findings and determinations identified and sought in this Complaint;

~~///~~

10.     For interest on the amount of any and all economic losses, at the prevailing legal rate; ~~and~~

11.     For costs of suit and any and all other such relief as the Court deems just and proper.

~~///~~

**JURY DEMAND**

Representative ~~Plaintiff~~Plaintiffs and members of each of the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

Dated: ~~October 1~~December 20, 2010                    **SCOTT COLE & ASSOCIATES, APC**

                            By:      ~~——————~~/s/Matthew R. Bainer

_____

                                     ~~Scott Edward Cole~~Matthew R. Bainer, Esq.
                                     Attorneys for Representative ~~Plaintiff~~Plaintiffs
                                     and the Plaintiff Classes

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800